**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JEFFREY OYSTER,

                                             **Case No.:**

     **Plaintiff,**

**v.**

**FERRELLGAS, INC.,**

     **Defendant.**

_____/

**NOTICE OF AND PETITION FOR REMOVAL**

Defendant, FERRELLGAS, INC. ("Defendant"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1332, 1441, and 1446, hereby files this Notice of and Petition for Removal, and requests that this Court remove the civil action filed by Plaintiff, JEFFREY OYSTER ("Plaintiff), from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division. The grounds for removal of this civil action are set forth below.

**I.      BACKGROUND**

1.      On June 25, 2020 Plaintiff filed his Complaint ("Complaint") in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, styled as *Jeffrey Oyster v. Ferrellgas, Inc.*, Case No.: 20-CA-001047 (the "Circuit Court Case").

2.      On July 2, 2020, Defendant was served with the Complaint and Summons. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit A** as required by 28 U.S.C. § 1446(a).

1

3.   The United States District Court for the Middle District of Florida, Ocala Division, encompasses the judicial district in which Plaintiff filed his Complaint, therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

4.   This Notice of and Petition for removal has been filed within 30 days of Defendant's receipt of service of the Complaint in the Circuit Court Case. Therefore, this notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.   As discussed further below, the Circuit Court Case is within the jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

6.   Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Fifth Judicial Circuit in and for Marion County, Florida.

7.   In his Complaint, Plaintiff seeks relief for alleged violation of the Florida Whistle-Blower Act, Fla. Stat. § 448.101 *et. seq.* (the "FWA"). *See* Comp. Ex. A, Compl. at ¶¶ 24-27. Plaintiff seeks damages under the FWA in the form of "lost wages, benefits, and other remuneration. *Id*. at ¶ 27(c). Plaintiff also seeks "any other compensatory damages allowable at law," claims entitlement to attorneys' fees and costs, as well as other unspecified, miscellaneous relief that the Court deems just and equitable. *Id*. at ¶ 27(d)-(f).

## II.   <u>REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION</u>

### A.   <u>The Parties Are Completely Diverse</u>

8.   Diversity jurisdiction exists where there is diversity of citizenship between the parties. *See Hines Interests Ltd. P'ship v. Southstar Capital Grp. I, LLC*, 2018 U.S. Dist. LEXIS 222956, *10 (M.D. Fla. Dec. 20, 2018); 28 U.S.C. § 1332(a)(1).

9.      Plaintiff alleges that he is a resident of Marion County, Florida. *See* Compl. at ¶ 3.

10.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

11.     Defendant is incorporated in the State of Delaware, and at all relevant times, has maintained its headquarters and principal place of business at 7500 College Boulevard, Suite 1000 Overland Park, Kansas 66210. *See* Declaration of Mary Lentz ("Lentz Decl."), ¶ 7, attached hereto as **Exhibit B**.

12.     There is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff is a citizen of Florida, and Defendant is a citizen of Delaware and Kansas. *Id.* at ¶¶ 7-12; *see Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (noting complete diversity exists where "no plaintiff is a citizen of the same state as any defendant").

## B.      The Amount In Controversy Exceeds $75,000

13.     Plaintiff alleges that he is owed damages available under the FWA, including "lost wages, benefits, and other remuneration," compensatory damages, injunctive relief, as well as attorney's fees and costs. *See* Compl. at ¶ 27 and the WHEREFORE paragraph, subparagraphs (c) through (f) immediately following Paragraph 27 of the Complaint.

14.     Plaintiff's Complaint does not specify the total damages sought, indicating only that "[t]his is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief …." *Id.* at ¶ 1. "Where the plaintiff has not [pled] a specific amount of damages … the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001); *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement). However, a removing defendant is <u>not</u> required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

15.     While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka*, 608 F.3d at 752). A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quote and cites omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them … with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id*. at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan*, 2014 U.S. Dist. LEXIS 95412 at \*7-8 (quoting *Roe*, 613 F.3d at 1064).

16.     In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *See e.g.*

4

*Penalver v. N. Elec.*, 2012 U.S. Dist. LEXIS 53662 (S.D. Fla. Apr. 17, 2012); *Risk v. JetBlue Airways Corp.*, 2017 U.S. Dist. LEXIS 62542 (S.D. Fla. Feb. 4, 2012); *Hendry v. Tampa Ship, LLC*, 2011 U.S. Dist. LEXIS 14459 (S.D. Fla. Feb. 4, 2011) (affidavit establishing back pay based on the plaintiff's salary at the time of her termination was sufficient to establish the amount in controversy requirement).

17.    Under the FWA, Plaintiff may be awarded compensation for lost wages, benefits, and other remuneration, and any other compensatory damages allowable at law. *See* Fla. Stat. § 448.103. Plaintiff may also be awarded attorney's fees, court costs, and expenses. *See* Fla. Stat. § 448.104.

### 1.    Back Pay/Lost Wages Calculations

18.    A prevailing plaintiff under the FWA is statutorily entitled to recover compensation for lost wages, or back pay. *See* Fla. Stat. § 448.103(2)(d); *Risk*, 2017 U.S. Dist. LEXIS 62542 (S.D. Fla. Apr. 24, 2017) (denying the plaintiff's motion to remand holding that the defendant met its burden to show that the amount in controversy of the alleged FWA claim more likely than not exceeded the jurisdictional threshold based on the defendant's estimate of back pay damages alone). For the purpose of estimating the amount in controversy, federal courts calculate the potential back pay award from the date of the alleged adverse employment action until the date of trial, less the plaintiff's mitigation of damages. *See Risk*, 2017 U.S. Dist. LEXIS 62542 at *9) (citing *Penalver*, 2012 U.S. Dist. LEXIS 53662 at *2); *Cashman v. Host Int'l, Inc.*, 2010 U.S. Dist. LEXIS 123164, *3 (M.D. Fla. Nov. 9, 2010) (calculating back pay based on the projected trial date 12 months from removal for purposes of determining amount in controversy) (citations omitted).

19.    Plaintiff's at-will employment with Defendant was terminated on November 14, 2019. Lentz Decl., ¶ 13. At the time of his separation of employment, Plaintiff's compensation

was $17.07 per hour. *Id*. at ¶ 14. Plaintiff was also eligible to participate in, and did receive, a number of Defendant's employee benefits, including medical, dental, vision, life insurance, spousal life insurance, and short/long term disability benefits. *Id*. at ¶ 15.

20.    During the last year of his employment, November 14, 2018 through November 14, 2019, Plaintiff earned approximately $37,037.35, not including potential overtime wages, amounts attributable to employee benefits he received, or other compensation that Plaintiff was, or may have been, eligible to receive. *Id*. at ¶ 16. When conservatively applied to an estimated trial date of a July 30, 2021 (approximately 12 months from the date of removal), Plaintiff could be entitled to approximately 89 weeks of back wages, totaling approximately $63,390.85. Assuming an estimated trial date of November 26, 2021, (approximately 15 months from the date of removal), Plaintiff's potential back wages totals approximately $75,499.21, which would exceed the $75,000 threshold.

21.    Accordingly, Defendant has met its burden and demonstrated that the potential back pay damages based on Plaintiff's earnings during the last year of his employment are more likely than not to exceed the jurisdictional threshold of $75.000. *See Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138, *5-7 (S.D. Fla. July 1, 2011); *Risk*, 2017 U.S. Dist. LEXIS 62542 at *10; *Portaro v. Livemercial, Inc.*, 2009 U.S. Dist. LEXIS 137842, *3-5 (M.D. Fla. Sept. 30, 2009).

22.    Given that the amount of back pay potentially recoverable by Plaintiff exceeds the jurisdictional requirement, further analysis of the amount-in-controversy is not required. *See e.g. Osorio v. Medtronic, Inc.*, 2011 U.S. Dist. LEXIS 29980, *10-11, n. 4 (S.D. Fla. Mar. 23, 2011) (declining to address arguments "regarding other bases for jurisdiction, including lost benefits, prejudgment interest, front pay, compensatory damages, punitive damages, and attorneys' fees and costs" when the plaintiff's potential back pay award exceeded the jurisdictional requirement for

diversity jurisdiction); *Risk,* 2017 U.S. Dist. LEXIS 62542 at *10 ("Because the Undersigned finds that the requested back pay and benefits already meets the amount in controversy, a specific estimate of reasonable attorney's fees is unnecessary."); *Portaro,* 2009 U.S. Dist. LEXIS 137842 at *4 (where back pay damages based on the plaintiff's base salary exceeded $75,000, "[t]he Court need not analyze other claimed damages.").

### 2.    Compensatory Damages Calculations

23.    In addition to his claim for back wages, compensatory damages are also recoverable under the FWA, and are requested in the WHEREFORE paragraph, subparagraph (c) of the Complaint.

24.    Plaintiff's compensatory damages may generally include a variety of intangible, non-economic losses that can further demonstrate that the jurisdictional threshold is satisfied, or in the case, exceeded. *See generally, Bartley v. Starwood Hotel & Resorts Worldwide, Inc*., 2007 U.S. Dist. LEXIS 70535 (S.D. Fla. Sept. 24, 2007) (general allegations of pain, mental anguish, scarring, loss of enjoyment of life, etc. were sufficient to put defendant on notice that the jurisdictional threshold was satisfied). Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy. *See e.g. Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, *16-17 (M.D. Fla. May 11, 2005) (citing *Munoz v. Oceanside Resorts, Inc*., 223 F.3d 1340, 1348-49 (11th Cir. 2000)). Indeed, even though Plaintiff does not place a dollar figure on his alleged compensatory damages claims, the request of such damages supports the conclusion "that these additional damage claims further increase the amount in controversy well above the $75,000 jurisdictional threshold." *Id.* at *17; *see also Gonzalez v. Honeywell Int'l, Inc.,* 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017) (FCRA plaintiff's motion to remand was denied; with respect to the plaintiff's claims

for compensatory damages, punitive damages, and attorney's fees, the court noted that it "need not pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy").

25.     For the purposes of evaluating potential emotional distress claims to determine the amount in controversy, courts have looked to compensatory damage awards in similar cases, including those brought under Title VII of the Civil Rights Act of 1964, as amended. *See e.g., Gavronsky v. Walgreen Co.*, 2010 U.S. Dist. LEXIS 24008, *7 (M.D. Fla. Feb. 25, 2010).

26.     Juries in federal cases in Florida have awarded compensatory damages in employment discrimination cases at or greater than the jurisdictional threshold. *See, e.g., Mark DeCarlo v. City of Tallahassee,* 4:14-cv-00388-WS-CAS, (N.D. Fla., Tallahassee Division) (jury award of $700,000 in pain and suffering damages in disability discrimination case); and *Chanal Paterson v. State of Florida, Department of Corrections,* 1:12-CV-00029-MW-GRJ (N.D. Fla., Gainesville Division) (jury award of over $500,000 in FWA case). Courts have even awarded compensatory damages in excess of the jurisdictional threshold while simultaneously acknowledging that the plaintiff suffered only typical or garden variety emotional distress expected of an employment discrimination victim. *See Copley v. BAX Global, Inc.,* 97 F. Supp. 2d 1164 (S.D. Fla. May 5, 2000) (remitting a jury award of $500,000 for emotional damages to $100,000).

27.     The potential compensatory awards presented herein are not mere conclusory assertions or speculation, but rather are based on a review of damages awarded in similar cases, and therefore appropriate for consideration. *See e.g. Alshakanbeh v. Food Lion, LLC,* 2007 U.S. Dist. LEXIS 20746, at *6-7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing damage awards in similar cases). Based on Plaintiff's allegations, it is reasonable to conclude that a modest, conservative

award for compensatory damages of an additional $10,000 - $20,000 in garden variety emotional distress should be taken into account in calculating the amount in controversy.

### 3. Attorneys' Fees Calculations

28. An award of attorney's fees is permitted to the prevailing party under the FWA, and such fees are requested by Plaintiff in his WHEREFORE paragraph, subparagraph (e) following Paragraph 27 of the Complaint. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g. Mirras v. Time Ins. Co.,* 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008); *Gavronsky,* 2010 U.S. Dist. LEXIS 24008 at *9; *Alshakanbeh,* 2007 U.S. Dist. LEXIS 20746, at *6.

29. Here, Plaintiff's counsel could be expected to expend at least one hundred twenty-five (125) hours prosecuting this action, which would include depositions of witnesses, drafting and answering discovery, time spent briefing oppositions to Defendant's anticipated dispositive motion, and preparing for, and attending, at least a 2 or 3 day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $30,000 in attorney's fees.

*30.* This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases. *See, e.g., St. Fleur v. City of Ft. Lauderdale,* 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee,* 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case through trial). To be certain, Defendants' use

of a $250 hourly rate is also within the range of rates deemed reasonable in cases involving employment disputes. *See Holland,* 2012 U.S. Dist. LEXIS 164956 at \*12-14 (collecting cases).

### 4. Final Calculation Of Amount In Controversy

31. In demonstrating that the jurisdictional threshold is satisfied, Defendant does not imply or suggest that Plaintiff will prevail in this action or recover the amounts in controversy discussed above, or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank,* 568 Fed. Appx. 729, 732 (11th Cir. 2014).

32. That said, Defendant has demonstrated that Plaintiff's claim for back wages alone conservatively stands to exceed the $75,000 amount-in-controversy requirement. When combined with Plaintiff's claim for compensatory damages and attorneys' fees, the amount-in-controversy clearly satisfies the $75,000 jurisdictional threshold needed to support removal. Therefore, Defendant has demonstrated that it is more probable than not that the amount-in-controversy meets, or exceeds, the $75,000 threshold for diversity jurisdiction.

### III. VENUE

33. The United States District Court for the Middle District of Florida, Ocala Division, includes the judicial circuit in which Plaintiff filed his Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

### IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

34. This Notice of and Petition for Removal has been filed within thirty (30) days of service of the Complaint. Accordingly, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

35.      Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Case are attached to this Notice of and Petition for Removal as Composite Exhibit "A," as required by 28 U.S.C. § 1446(a).

36.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

37.      The evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Middle District of Florida, Ocala Division, accept the removal of this action from the Circuit Court and direct that the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida have no further jurisdiction over this action.

DATED: August 3, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:     (904) 638-2655
Facsimile:     (904) 638-2656

By: */s/ Benjamin D. Sharkey*
Benjamin D.  Sharkey
Florida Bar No. 0389160
Benjamin.Sharkey@jacksonlewis.com
Todd R. Dobry
Florida Bar No. 109081
Todd.Dobry@jacksonlewis.com
jacksonvilledocketing@jacksonlewis.com

*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading was filed via ECF on the 3rd day of August, 2020, which will provide electronic notification to the following counsel of record:

Matthew K. Fenton, Esq.
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL 33602
mfenton@wfclaw.com
tsoriano@wfclaw.com

Attorneys for Plaintiff

*/s/ Benjamin D. Sharkey*
Attorney

4842-7831-2385, v. 1

12