Filing # 109388723 E-Filed 06/25/2020 11:25:53 AM

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION**

JEFFREY OYSTER,

     **Plaintiff,**

v.                                                                              Case No.:

FERRELLGAS, INC.,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY OYSTER, by and through undersigned counsel, brings this action against Defendant, FERRELLGAS, INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2.     Venue is proper in Marion County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3.     Plaintiff is a resident of Marion County, Florida.

4.     Defendant is a propane supplier in Ocala, in Marion County, Florida.

### GENERAL ALLEGATIONS

5.     Plaintiff has satisfied all conditions precedent, or they have been waived.

6.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.     Plaintiff requests a jury trial for all issues so triable.

8.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

9.     At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

10.     At all times material hereto, Defendant was an "employer" within the meaning of 29 C.F.R. § 1910.2(c).

11.     At all times material hereto, Plaintiff was an "employee" within the meaning of 29 C.F.R. § 1910.2(d).

## **FACTS**

12.     Plaintiff began working for Defendant as a bulk driver in September 2018, and he worked in this capacity until November 2019.

13.     As part of Plaintiff's job duties, he was required to check if the propane tanks he filled were safe.

14.     If Plaintiff observed a pitted propane tank where the rust had weakened the metal, he was required to place a red tag on the tank, which indicated that the tank should be replaced.

15.     Failure to replace unsafe pitted propane tanks could result in leaks or explosions.

16.     Plaintiff complied with his job duties and made sure that he "red tagged" any unsafe pitted propane tank.

17.     Defendant's manager advised Plaintiff that he should stop red tagging the unsafe pitted propane tanks and instead notify him of the issue.

18.     Plaintiff objected to this unsafe practice and continued red tagging the unsafe pitted propane tanks.

19.    As an "employer" within the meaning of 29 C.F.R. § 1910.2(c), Defendant was required to comply with 29 C.F.R. § 1910.101(a) which requires that "[e]ach employer shall determine that compressed gas cylinders under his control are in a safe condition to the extent that this can be determined by visual inspection. Visual and other inspections shall be conducted as prescribed in the Hazardous Materials regulations of the Department of Transportation (49 CFR parts 171-179 and 14 CFR part 103). Where those regulations are not applicable, visual and other inspections shall be conducted in accordance with Compressed Gas Association Pamphlets C-6-1968 and C-8-1962, which is incorporated by reference as specified in § 1910.6.

20.    By directing Plaintiff to stop red tagging the unsafe pitted propane tanks, Defendant violated 29 C.F.R. § 1910.101(a).

21.    Plaintiff also refused to pull a hose through a customer's house to fill a propane tank.

22.    As an "employer" within the meaning of 29 C.F.R. § 1910.2(c), Defendant was required to comply with 29 C.F.R. § 1910.110(b)(9)(vii)(b) which requires that "[f]or use inside buildings the hose shall be of minimum practical length, but shall not exceed 6 feet except as provided in paragraph (c)(5)(i)(g) of this section and shall not extend from one room to another, nor pass through any walls, partitions, ceilings, or floors. Such hose shall not be concealed from view or used in a concealed location. For use outside of buildings, the hose may exceed this length but shall be kept as short as practical."

23.    As a result of Plaintiff's objections and his continued efforts to red tag the unsafe pitted propane tanks, along with Plaintiff's refusal to pull a hose through a customer's home, Plaintiff's manager terminated Plaintiff's employment.

UNOFFICIAL DOCUMENT

## COUNT I – RETALIATION UNDER THE FPWA

24.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25.     Plaintiff opposed and refused to participate in Defendant's violation of 29 C.F.R. § 1910.101(a) and 29 C.F.R. § 1910.110(b)(9)(vii)(b), thereby engaging in protected activity under the FPWA.

26.     Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

27.     Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d)     Any other compensatory damages allowable at law;

e)     All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

4

Dated this 25th day of June, 2020.

Respectfully submitted,

_____

**MATTHEW K. FENTON**
Florida Bar Number: 2089
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue Suite 300
Tampa, FL 33602-3343
Main Number: (813)-579-2483
Direct Dial: (813) 223-6413
Facsimile: (813)-229-8712
Email: mfenton@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

UNOFFICIAL DOCUMENT

5